UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.:

**04-80521**

CIV-MARRA

SEAN PENDLEBURY and
LAUREL OVERTON, on behalf
of themselves and all others similarly
situated,

　　　　Plaintiffs,

vs.

STARBUCKS COFFEE COMPANY, a
foreign corporation, qualified to do
business in Florida as STARBUCKS
CORPORATION,

　　　　Defendant.
_____/



### VERIFIED COMPLAINT AND DEMAND FOR JURY TRIAL

COME NOW the Plaintiffs, SEAN PENDLEBURY and LAUREL OVERTON, on behalf of themselves and all others similarly situated, by and through their undersigned counsel, and sue the Defendant, STARBUCKS COFFEE COMPANY, a foreign corporation, d/b/a STARBUCKS CORPORATION, and for their cause of action, declare and aver as follows:

1. The Plaintiffs, SEAN PENDLEBURY and LAUREL OVERTON, are current employees of Defendant, STARBUCKS COFFEE COMPANY, a foreign corporation, d/b/a STARBUCKS CORPORATION (hereinafter referred to as "STARBUCKS"), and bring this action on behalf of themselves and all other current and former employees of the Defendant similarly situated to them, on a nationwide basis, for compensation and other relief under the Fair Labor Standards Act, as amended, 29 U.S.C. § 201, *et seq.* (hereinafter referred to as "the FLSA").

2. Plaintiffs are citizens and residents of Broward County, Florida, and within the jurisdiction of this Court.

3. Defendant, STARBUCKS, is a foreign corporation, qualified to do and doing business in Florida, and is within the jurisdiction of this Court.

4. This action is brought to recover from the Defendant unpaid overtime compensation, liquidated damages, costs and reasonable attorneys' fees, as well as for declaratory and injunctive relief, under the provisions of the FLSA, 29 U.S.C. § 201, *et seq.*, and specifically under 29 U.S.C. § 216(b).

5. Jurisdiction is conferred on this Court by 28 U.S.C. § 1331 and by 29 U.S.C. § 216(b).

6. At all times material hereto, Defendant was, and continues to be, engaged in interstate commerce as defined by the FLSA.

7. At all times material hereto, during their employment with Defendant, Plaintiffs were, and continue to be, engaged in interstate commerce.

8. The additional persons who may become Plaintiffs in this action, and who Plaintiffs believe are entitled to notification of the pendency of this action, and of their right to opt-in to this action, are current and former employees of Defendants similarly situated to Plaintiffs who are or were subject to the payroll practices and procedures described in the paragraphs below.

9. At all times pertinent to this Complaint, Defendant failed to comply with 29 U.S.C. § 201-19 in that Plaintiffs and those current and former employees similarly situated to Plaintiffs, while employed by STARBUCKS under the title and auspices of "store managers", and classified as exempt for purposes of overtime compensation eligibility, performed hours of service for Defendant in excess of forty (40) during

one or more workweeks, for which Defendant failed to properly pay additional overtime premiums.

10. In fact, Plaintiffs, and those current and former employees similarly situated to Plaintiffs, are and were inappropriately and improperly classified as exempt employees, inasmuch as at no time material hereto did they have management as their primary duty.

11. Rather, Plaintiffs, and those current and former employees similarly situated to Plaintiffs, customarily and regularly perform non-exempt "barista" work; that is, Plaintiffs' primary duty consists of waiting on customers, making various coffee drinks, serving the customers, ringing up the sales and the like. Indeed, these same duties are performed by employees of STARBUCKS who in fact are classified as non-exempt employees and paid on an hourly basis, as opposed to Plaintiffs, and those current and former employees similarly situated to Plaintiffs, who are paid on a salary basis. In fact, less than ten percent (10%) of the time of Plaintiffs, and those current and former employees similarly situated to Plaintiffs, is devoted to management duties, if at all.

12. Further, the management duties of Plaintiffs, and those current and former employees similarly situated to Plaintiffs, is relatively unimportant in comparison to the non-exempt duties performed by Plaintiffs, and those current and former employees similarly situated to Plaintiffs.

13. Still further, Plaintiffs, and those current and former employees similarly situated to Plaintiffs, rarely exercise true discretionary powers in connection with matters of significance.

14. Moreover, Plaintiffs, and those current and former employees similarly situated to Plaintiffs, are not relatively free from supervision in connection with matters of

significance, such as human resource type issues and scheduling. Moreover, any relative freedom from supervision that exists for Plaintiffs, and those current and former employees similarly situated to Plaintiffs, is the same as that afforded certain other non-exempt "managerial" employees, *i.e.* shift supervisors and assistant managers.

15. Finally, Plaintiffs, and those current and former employees similarly situated to Plaintiffs, are paid a salary that is substantially similar to certain non-exempt employees, *i.e.*, shift supervisors and assistant managers.

16. Additionally, Plaintiffs, and those current and former employees similarly situated to Plaintiffs, do not customarily and regularly supervise two (2) or more full-time employees or their equivalent. In fact, for the majority of shifts covered by Plaintiffs, and those current and former employees similarly situated to Plaintiffs, STARBUCKS' stores generally are manned by Plaintiffs, and those current and former employees similarly situated to Plaintiffs, and a total of three (3) to four (4) other non-exempt part-time employees, whose total combined hours do not equal or exceed eighty (80) hours per workweek.

17. In the course of their employment with the Defendant, Plaintiffs, and other current and former employees similarly situated to them, worked the number of hours required of them, many times in excess of forty (40), but were not properly paid overtime.

18. The pay practices of the Defendant, as described in the above paragraphs, violated the FLSA by failing to properly pay overtime to Plaintiffs, and those other current and former employees similarly situated to Plaintiffs, for those hours worked in excess of forty (40).

19. During the three (3) years preceding the filing of this lawsuit, STARBUCKS has (1) employed and continues to employ individuals similarly situated to Plaintiffs (*i.e.* store managers) throughout the United States; (2) classified and continue to classify these employees as exempt for purposes of overtime compensation eligibility; and (3) suffered or permitted to be suffered, with knowledge, hours of service by these employees in excess of forty (40) during one or more workweeks, for which Defendant failed to properly pay additional overtime premiums. Each improperly classified (and therefore improperly paid) employee who performed and/or continues to perform services for Defendant, for any time period during the three (3) years preceding this lawsuit, is entitled to notification of the pendency of this action and of his/her right to consent to becoming a party to this action.

20. Indeed, Plaintiffs, between the two of them, already have spoken with approximately ten (10) other STARBUCKS' store managers, who have indicated that they would desire becoming opt-in plaintiffs in this lawsuit, but who also have expressed that they are wary of losing their jobs in retaliation for doing so. The Court's imprimatur is therefore warranted, in terms of providing notice to all current and former similarly situated employees, nationwide, of their right to consent to join this action.

**COUNT I - RECOVERY OF UNPAID OVERTIME**

21. Plaintiffs reaver and reallege all allegations contained in paragraphs 1 through 20 above as if fully set forth herein.

22. Plaintiffs are entitled to be paid time and one-half for each hour worked in excess of forty (40) per workweek and to have such overtime calculated in accordance with Federal Regulations, to include commission/bonus payments earned in the appropriate workweek in the calculation of the regular rate for the purposes of determining overtime entitlement. All similarly situated employees are similarly

owed time and one-half, calculated properly, for those overtime hours they worked and for which they were not properly paid.

23. By reason of the willful and unlawful acts of the Defendant, all Plaintiffs (Plaintiffs and those similarly situated to them) have suffered damages plus incurred costs and reasonable attorneys' fees.

24. As a result of the Defendant's violation of the Act, all Plaintiffs (Plaintiffs and those similarly situated to them) are entitled to liquidated damages in an amount equal to that which they are owed as unpaid overtime.

WHEREFORE, Plaintiffs, SEAN PENDLEBURY and LAUREL OVERTON, and those similarly situated to them, who have or will opt-in to this action, demand judgment against Defendant for the wages and overtime payments due them for the hours worked by them for which they have not been properly compensated, liquidated damages, reasonable attorneys' fees and costs of suit, and for all other relief the Court deems just and proper.

**PLAINTIFFS DEMAND TRIAL BY JURY ON ALL ISSUES SO TRIABLE**

Dated: June 3, 2004.

Respectfully submitted,

SHAPIRO, BLASI & WASSERMAN, P.A.
Attorneys for Plaintiffs
Corporate Centre at Boca Raton
7777 Glades Road, Suite 110
Boca Raton, FL 33434
Phone:     (561) 477-7800
Facsimile: (561) 477-7722

By: _____
DANIEL R. LEVINE, ESQ.
Fla. Bar No. 0057861
E-Mail: drlevine@sbwlawfirm.com
ROBIN I. COHEN, ESQ.
Fla. Bar No. 0649619
E-Mail: ricohen@sbwlawfirm.com

6

## **CONSENT**

I, SEAN PENDLEBURY, hereby consent to joining this lawsuit, pursuant to the applicable provisions of the Fair Labor Standards Act.

*[signature]*

SEAN PENDLEBURY

I, LAUREL OVERTON, hereby consent to joining this lawsuit, pursuant to the applicable provisions of the Fair Labor Standards Act.

*[signature]*

LAUREL OVERTON

## VERIFICATION

I, SEAN PENDLEBURY acknowledge that the allegations contained in the foregoing Complaint are true and correct.

_____
SEAN PENDLEBURY

STATE OF FLORIDA        )
                        ) ss
COUNTY OF PALM BEACH )

BEFORE ME, this 3rd day of June, 2004, the undersigned authority, personally appeared SEAN PENDLEBURY, who, after being first by me duly sworn, deposes and states that he is the Plaintiff described herein and who executed the foregoing Verification.

Witness my hand and official seal at the State and County aforesaid.

__X__ personally known

_____ produced identification: _____.

NOTARY PUBLIC, State of Florida:

Name: _Robin S Saltz_

Print: _Robin S. Saltz_

My Commission Expires:

Robin S. Saltz
Commission # DD241966
Expires Aug. 23, 2007
Bonded Thru
Atlantic Bonding Co., Inc.

I, LAUREL OVERTON acknowledge that the allegations contained in the foregoing Complaint are true and correct.

_____
LAUREL OVERTON

STATE OF FLORIDA        )
                        ) ss
COUNTY OF PALM BEACH )

BEFORE ME, this 3rd day of June, 2004, the undersigned authority, personally appeared LAUREL OVERTON, who, after being first by me duly sworn, deposes and states that he is the Plaintiff described herein and who executed the foregoing Verification.

Witness my hand and official seal at the State and County aforesaid.

__X__ personally known

_____ produced identification: _____.

NOTARY PUBLIC, State of Florida:

Name: _Robin S Saltz_

Print: _Robin S. Saltz_

My Commission Expires:

Robin S. Saltz
Commission # DD241966
Expires Aug. 23, 2007
Bonded Thru
Atlantic Bonding Co., Inc.

8