UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 04-80521

CIV-MARRA

MAGISTRATE




SEAN PENDLEBURY and LAUREL
OVERTON, on behalf of themselves
and all others similarly situated,

  Plaintiffs,

vs.

STARBUCKS COFFEE COMPANY, a
foreign corporation, qualified to do
business in Florida as STARBUCKS
CORPORATION,

  Defendant.
_____/

**PLAINTIFFS' MOTION TO PERMIT COURT-SUPERVISED NOTIFICATION
PURSUANT TO 29 U.S.C. § 216(b) AND INCORPORATED MEMORANDUM OF LAW**

COME NOW the Plaintiffs, SEAN PENDLEBURY and LAUREL OVERTON, by and through their undersigned counsel, and hereby move this Honorable Court for an Order permitting court-supervised notification to all similarly situated individuals in this action, and in support of their Motion state as follows:

1. The Fair Labor Standards Act, at 29 U.S.C. § 216(b), provides that an action for unpaid overtime compensation may be maintained by "...any one or more employees for and on behalf of [themselves]...and other employees similarly situated."

2. The Complaint in the instant action alleges that Plaintiffs, as well as other similarly situated employees, have been damaged as a result of Defendant's failure to properly compensate Plaintiffs and such other similarly situated employees for all hours worked by them, in violation of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* (hereinafter referred to as "FLSA").

3.    Plaintiffs will serve upon Defendant an interrogatory requesting the name and address of all current and former managerial employees classified as exempt, and thus not paid overtime, nationwide, and who are, were or have been employed for any length of time since on or after June 3, 2001, three (3) years prior to the filing of the instant lawsuit.

4.    Each similarly situated employee is entitled to notification of the pendency of this action and of his/her right to consent to becoming a party to this action. 29 U.S.C. §216(b).

5.    The form of notification Plaintiffs propose to provide is in the form of Exhibit "A", a copy of which is attached hereto.

6.    The notification to similarly situated individuals as requested herein (and in the form of Exhibit "A") is the only practical and efficient method of notifying these individuals of the pendency of this action and of their opt-in rights under the FLSA.

WHEREFORE, Plaintiffs move for entry of an Order permitting notification to all similarly situated individuals of the pendency of this action and of their statutory right to opt-in to this action and to become a party to such action in the form of Exhibit "A" attached hereto.

## MEMORANDUM OF LAW

### A.    THE INSTANT ACTION IS MAINTAINED PURSUANT TO 29 U.S.C. § 216(b)

The FLSA specifically authorizes a party plaintiff to maintain an action on behalf of herself and those similarly situated to her. 29 U.S.C. §216(b). 29 U.S.C. §216(b) provides, in pertinent part:

> an action to recover liability... may be maintained against any employer...by any one or more employees for and on behalf of ...themselves and other employees similarly situated. No

> employee shall be a party plaintiff to any such action unless she gives her consent in writing to become such party and such consent is filed in the court in which such action is brought.

The instant action is such an action. Plaintiffs have alleged that they and all others similarly situated to them, to-wit, former and current managerial employees throughout the STARBUCKS corporation classified as exempt by Defendant, are, were and have been subject to a payroll policy, practice and procedure transgressing the requirements of the FLSA.

In *Hipp v. Liberty National Life Insurance Co.*, 252 F.3d 1208, 1214-15 (11th Cir. 2001), the Eleventh Circuit specifically considered the standard for permitting court-supervised collective actions.[1] *Hipp* outlined a two-tiered procedure that district courts should use in certifying collective actions under § 216(b), stating as follows:

> The first determination is made at the so-called "notice stage." At the notice stage, the district court makes a decision – usually based only on the pleadings and any affidavits which have been submitted – whether notice of the action should be given to potential class members. Because the court has minimal evidence, this determination is made using a fairly lenient standard, and typically results in "conditional certification" of a representative class. If the district court "conditionally certifies" the class, putative class members are given notice and the opportunity to "opt-in." The action proceeds as a representative action throughout discovery. The second determination is typically precipitated by a motion for "decertification" by the defendant usually filed after discovery is largely complete and the matter is ready for trial. At this stage, the court has much more information on which to base its decision, and makes a factual determination on the similarly situated question. If the claimants are similarly situated, the district court allows the representative action to proceed to trial. If the claimants are not similarly situated, the district court decertifies the class, and the opt-in

---

[1] While *Hipp* was an action maintained under the Age Discrimination in Employment Act, the *Hipp* analysis is relevant to FLSA collective actions because "[p]laintiffs wishing to sue as a class under ADEA must utilize the opt-in class mechanism provided in 29 U.S.C. § 216(b) instead of the opt-out class procedure provided in Fed. R. Civ. P. 23." *Hipp*, 252 F.3d at 1216 (citation omitted).

> plaintiffs are dismissed without prejudice. The class representatives – *i.e.* the original plaintiffs – proceed to trial on their individual claims.

*Id.* at 1218 (quoting *Mooney v. Aramco Servs. Co.*, 54 F.3d 1207, 1213- 14 (5th Cir. 1995) (internal footnote omitted)). Since *Hipp*, the district courts in the Eleventh Circuit have utilized the two-tiered approach described above. *See, e.g., Reed v. Mobile County Sch. Sys.*, 246 F. Supp. 2d 1227, 1230 (S.D. Ala. 2003); *Barron v. Henry County Sch. Sys.*, 242 F. Supp. 2d 1096, 1102 (M.D. Ala. 2003); *Stone v. First Union Corp.*, 216 F.R.D. 540, 544-46 (S.D. Fla. 2003).

### B.   NATURE OF COLLECTIVE ACTION UNDER THE FLSA

29 U.S.C. § 216(b) is a *collective* action provision created by statute, independent of and unrelated to the *class* action covered by Fed. R. Civ. P. 23. *See LaChappell v. Owens-Illinois, Inc.*, 513 F.2d 286, 289 (5th Cir. 1975) (*per curiam*).

In *LaChappell*, the Fifth Circuit Court of Appeals specifically recognized that Fed. R. Civ. P. 23 and 29 U.S.C. § 216(b) are "mutually exclusive" and "irreconcilable". *LaChappell*, 513 F.2d at 289. This is because of the "opt-in" nature of 29 U.S.C. § 216(b) and "opt-out" nature of Rule 23. *Id.* In opt-in actions, potential class members need considerably less protection since they are not bound by the outcome of the action unless they specifically opt-in. Conversely, in opt-out actions, potential class members are bound by the outcome of the action. Thus, more stringent protections are necessary for Rule 23 class members. *Schmit v. Fuller Brush Co.*, 527 F.2d 532, 536 (8th Cir. 1975); *Church v. Consolidated Freightways, Inc.*, 137 F.R.D. 294 (N.D. Cal. 1991); *Garner v. G.D. Searle*, 802 F. Supp. 418, 421 (N.D. Ala. 1991).

### C. PLAINTIFFS HAVE DEFINED THE POTENTIAL CLASS WITH ADEQUATE SPECIFICITY, TO-WIT, ALL CURRENT AND FORMER MANAGERIAL EMPLOYEES CLASSIFIED AS EXEMPT NATIONWIDE

For purposes of defining a class pursuant to 29 U.S. C. § 216(b), Plaintiffs need only demonstrate that the defined class is comprised of current and former employees who are similarly situated to Plaintiffs with regard to Defendant's payroll policy, practice and procedure. 29 U.S.C. § 216(b); *Dybach v. State of Florida Department of Corrections,* 942 F.2d 1562 (11th Cir. 1991). There is no requirement of "strict symmetry" or "absolute identity"; rather, potential class members must meet only a "sufficiently similar" standard. *Glass v. IDS Financial Services, Inc.,* 778 F. Supp. 1029, 1081 (D. Minn. 1991) (an allegation that a single decision, policy or plan precipitated the challenged action was sufficient to define the class); *Heagney v. European American Bank*, 122 F.R.D. 125, 127 (E.D.N.Y. 1988) (plaintiffs need not be identically situated to potential class members).

In *Church*, a single decision, policy or plan was again sufficient for employees affected thereby to constitute a 29 U.S.C. § 216(b) class. *Church,* 137 F.R.D. at 306. The court specifically noted that the strict class definitional and numerical requirements of Rule 23 are not necessary in § 216(b) actions. *Id*. The court then specifically addressed the applicability of each of the Rule 23 requirements. With respect to the requirements of commonality and typicality, the court held that:

> ...the better view is that a class claim is not defeated simply because the proposed classes performed a variety of different jobs at different locations, reported to different supervisors or left employment for different reasons than the named plaintiffs. What governs the scope of the class is whether the named plaintiffs and his class members were all affected by a similar plan infected by discrimination. The plaintiffs need not be identically situated to potential class members. *Id* at 308.

The Plaintiffs have sufficiently alleged the class--all current or former managerial employees classified by Defendant as exempt, and thus not paid overtime, nationwide, and employed by Defendant within the three years prior to the filing of the lawsuit. This class was adversely affected by a single decision, policy or plan of Defendant. See Complaint. In fact, the alleged payroll policy, practice and procedure of Defendant affects all current and former managerial employees classified as exempt in the same manner as Plaintiffs. The fact that many employees who elect to opt-in to this action may have had or have a different (i) rate of pay or (ii) supervisor or (iii) number of overtime hours, does not in any way affect the similarity of their positions. *Id.* at 308. It was, after all, Defendant's policy, practice and procedure of classifying these employees as exempt that precipitated this action.

### D. THE COURT SHOULD FACILITATE NOTICE TO ALL POTENTIAL PLAINTIFFS

In *Hoffman-La Roche, Inc. v. Sperling*, 483 U.S. 465, 468 (1989), the United States Supreme Court held:

> ...a district court has both a duty and the broad authority to exercise control over a class action and to enter appropriate orders governing the conduct of counsel and the parties.

It is this "duty" and "broad authority" that Plaintiffs request this Honorable Court exercise with respect to the notification of the affected class. In actions such as this, the exercise of such authority is "inevitable". *Id* at 487.

Congress has clearly stated its policy supporting collective actions. In *Hoffman-La Roche,* the Supreme Court noted:

> Congress has stated its policy that ADEA plaintiffs should have the opportunity to proceed collectively. A collective action allows age discrimination plaintiffs the advantage of lower

individual costs to vindicate rights by the pooling of resources. *Id* at 486.[2]

Collective actions serve the dual interests of justice and efficient case management. *Id.* Plaintiffs, Defendant and this Court would benefit through avoiding a multiplicity of duplicative suits, expediting the disposition of this action and reducing the attorneys' fees, costs and expenses associated with each affected individual having to pursue his or her own action. *Id.*

Judicial intervention at an early stage ensures timely, accurate and informative disclosure to all similarly situated employees. *Id.* Such disclosure will expedite the instant action by apprising Defendant as to the identity of all claimants at the earliest possible time. Since the Court's involvement in the notification process is "inevitable", it should occur prior to the notification of class members and the filing of a significant number of notices of consent. *Id.*

In the absence of a court-authorized notification to all similarly situated employees, those employees would in all likelihood (i) not receive timely, complete and accurate information as to the pendency of this action, (ii) lack meaningful access to the court, and (iii) have no practical or efficient method of vindicating their rights. *Riojas v. Seal Products, Inc.*, 82 F.R.D. 613 (S.D. Tex. 1979) (providing notice was required through notions of fundamental fairness).

The current and former employees of Defendant who are and were similarly situated to Plaintiffs are those managerial employees classified as exempt by the Defendant for overtime hours worked, nationwide, and who were employed at any time after three years preceding the filing of the instant suit. Individually, these employees have little or no (i)

---

[2]   *See supra* footnote 1.

access to counsel, (ii) knowledge of the relevant terms and provisions of the FLSA or (iii) funds to finance a lawsuit seeking his/her legally required wages. To deny notice to these individuals is tantamount to rewarding Defendant for its failure to compensate them in accordance with the FLSA since the claims of these individuals in all likelihood would never be pursued for a number of reasons, not the least of which is the expiration of the statute of limitations (29 U.S.C. § 255). In fact, each day that passes without these individuals filing their notice of consent is a windfall to Defendant because one more day of uncompensated hours is legally forfeited. In *Geller v. Markham,* 19 F.E.P. Cases 622, 623 (D. Conn. 1979), a showing that the similarly situated employees were not aware of the pendency of the action was sufficient to authorize notice.

As Judge Haight aptly recognized in *Allen v. Marshall Field & Co.,* 93 F.R.D. 438, 443 (N.D. Ill. 1982):

> to deny class treatment would be tantamount to declaring that any employer can escape ADEA class liability so long as it discriminates against a diverse group of people over a wide geographic range in a number of ways, such as termination, salary, promotions, and working conditions.

The reasoning of Judge Haight was quite correctly followed by Judge Jansen in *Church,* 137 F.R.D. at 309, and Judge Dearie in *Heagney,* 122 F.R.D. at 127. Imposing the strict class action requirements of Fed. R. Civ. P. 23 to the instant actions is certainly counter to both the remedial nature of the FLSA and the congressional policy of allowing collective actions to recover overtime compensation. *Braunstein,* 600 F.2d at 336; *Bean v. Crocker Nat'l Bank,* 600 F.2d 754, 759 (9th Cir. 1979).

## **CONCLUSION**

Based on the foregoing, all current and former managerial employees throughout the STARBUCKS nation, who are, were or have been classified as exempt, and employed by Defendant within the three year period prior to the filing of this lawsuit, should be provided notification of the pendency of this action and of their right to opt-into this action should they file a notice of consent with the clerk of this court.

Dated:      June 3, 2004.

                              Respectfully submitted,

                              SHAPIRO, BLASI & WASSERMAN, P.A.
                              Attorneys for Plaintiffs
                              Corporate Centre at Boca Raton
                              7777 Glades Road
                              Suite 110
                              Boca Raton, FL 33434
                              Phone:      (561) 477-7800
                              Facsimile:  (561) 477-7722

By: _____
        DANIEL R. LEVINE, ESQ.
        Fla. Bar No. 0057861
        E-Mail: drlevine@sbwlawfirm.com
        ROBIN I. COHEN, ESQ.
        Fla. Bar No. 0649619
        E-Mail: ricohen@sbwlawfirm.com

## EXHIBIT "A"

TO: ALL CURRENT OR FORMER MANAGERIAL EMPLOYEES EMPLOYED BY STARBUCKS ON OR AFTER JUNE 3, 2004.

RE: RIGHT TO OPT-INTO LAWSUIT TO RECOVER WAGES FOR UNPAID OVERTIME COMPENSATION

DATE: _____, 2004.

This letter contains important information concerning your rights under the Fair Labor Standards Act as a result of your current or former employment with Starbucks.

A lawsuit has been filed in the United States District Court for the Southern District of Florida by SEAN PENDLEBURY and LAUREL OVERTON against STARBUCKS.

The Plaintiffs claim that during one or more weeks of their employment with Starbucks, they worked in excess of forty (40) hours and were not paid overtime for the hours they worked in excess of forty (40) because they were classified as exempt from the overtime requirements of the Fair Labor Standards Act. They are suing to recover overtime compensation.

If you are or have been employed by Starbucks, during any period of time since June 2, 2001, and you were not, and/or are not being, paid overtime for the hours you worked, and/or work, in excess of forty (40) during any work week, you may make a claim to recover those wages, as well as double damages, the costs and attorneys' fees of the suit. You are eligible to make a claim regardless of whether you were paid on salary or whether you kept records of your hours worked.

The individuals who initiated this lawsuit, are represented by Daniel R. Levine, Esquire, with Shapiro, Blasi & Wasserman, P.A., 7777 Glades Road, Suite 110, Boca Raton, Florida 33434, (561) 477-7800. You may contact Mr. Levine for more information

or assistance if you wish to do so.

If you wish to make a claim for overtime compensation, you must sign the form which is entitled "Notice of Consent" which is attached to this Notice and mail it to Mr. Levine. An envelope has been provided for your return of this form should you elect to do so.

If you do not sign the Notice of Consent form, you will not be allowed to recover any back wages from this case if the plaintiffs prevail in this case.

If you do decide to opt-in, you will be bound by the judgment of the court on all issues of this case whether it is favorable or unfavorable to you.

This Notice is only for the purpose of determining the identity of those persons who wish to be involved in this case and has no other purpose. There is no assurance at this time that the court will grant any relief, or if granted, the nature and amount of the relief.

The law prohibits anyone from discriminating or retaliating against you for taking part in this case. If you believe that you have been penalized, discriminated against or in any way disciplined in any way as a result of your receiving this notification, you are considering whether to complete and submit the Notice of Consent, or your having submitted the Notice of Consent, you should contact Mr. Levine immediately. This notice and its contents have been authorized by the United States District Court. The court has taken no position regarding the merits of the Plaintiffs' claim or of the Defendant's defenses.

_____
UNITED STATES DISTRICT JUDGE

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.:

SEAN PENDLEBURY and
LAUREL OVERTON, on behalf
of themselves and all others similarly
situated,

    Plaintiffs,

vs.

STARBUCKS COFFEE COMPANY, a
foreign corporation, qualified to do
business in Florida as STARBUCKS
CORPORATION,

    Defendant.
_____/

## CONSENT TO BECOME PARTY PLAINTIFF

I have been notified that the Court has authorized this lawsuit, filed by present employees of Starbucks to recover overtime wages, to become a collective action and that I am eligible to join those employees as a Plaintiff in that lawsuit.

By choosing to join this lawsuit, I understand that I designate the representative Plaintiffs as my agents to make decisions on my behalf concerning the litigation, including the method and manner of conducting this litigation, entering into settlement agreements, entering into agreements with Plaintiffs' attorneys concerning attorneys fees and costs, and all other matters pertaining to this lawsuit.  These decisions and agreements made and entered into by the representative Plaintiffs will be binding on me if I join this lawsuit.

I understand that the designated representative Plaintiffs have entered into a Contingency Fee Agreement with the law firm of Shapiro, Blasi & Wasserman, P.A., which applies to all Plaintiffs who join in this lawsuit.  If I join in the lawsuit, I agree to be bound by such Contingency Fee Agreement.  I understand that under the terms of that Contingency Fee Agreement, the law firms' attorneys fees and costs shall only be paid out of a recovery by judgment or settlement against Starbucks in this action; and that if no such recovery is obtained, I will not be held responsible for such attorneys fees or costs.  I further understand that I may obtain a copy of the Contingency Fee Agreement upon requesting same from the attorneys.

1

By choosing to join in this lawsuit, I understand that I will be bound by the judgment, whether it is favorable or unfavorable. I will also be bound by, and will share in, as the Court may direct, any settlement that may be negotiated on behalf of all Plaintiffs.

If I choose not to join this lawsuit, I acknowledge and understand that I will not be affected by any judgment or settlement rendered or reached in this lawsuit, whether favorable or unfavorable to the Plaintiffs and I will not be entitled to share in any amounts recovered by the Plaintiffs whether by judgment or settlement.

**I hereby consent to join in this lawsuit.**

_____
**SIGNATURE**

DATE:_____

**PLEASE PRINT OR TYPE THE INFORMATION BELOW:**

NAME: _____

STREET NAME & NO._____

CITY, STATE& ZIP CODE_____

PHONE NUMBERS WHERE YOU CAN BE REACHED:

DAY:_____

EVENING:_____

2