

FILED by ___ SH ___ D.C.
ELECTRONIC

Jul 21 2004

CLARENCE MADDOX
CLERK U.S. DIST. CT.
S.D. OF FLA. - MIAMI

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 04-80521-CIV-MARRA/SELTZER

SEAN PENDLEBURY and LAUREL OVERTON,

    Plaintiffs,

vs.

STARBUCKS COFFEE COMPANY,
a foreign corporation qualified to do
business in Florida as
STARBUCKS CORPORATION,

    Defendant.
_____/

### DEFENDANT'S MOTION TO STAY CONSIDERATION OF PLAINTIFFS' MOTION TO PERMIT COURT-SUPERVISED NOTIFICATION PURSUANT TO 29 U.S.C. § 216(b) AND INCORPORATED MEMORANDUM OF LAW

Plaintiffs allege violations of the Fair Labor Standards Act ("FLSA") and seek to represent a nationwide class of approximately 4,000 store managers to pursue claims against defendant Starbucks Coffee Company ("Starbucks"). Plaintiffs have rejected Starbucks' request for a brief continuance of their motion to permit nationwide court-supervised notice of this lawsuit, insisting on immediate notification despite the fact that Starbucks has agreed to toll the statute of limitations for all potential plaintiffs, eliminating any prejudice whatsoever for the continuance. Plaintiffs' motion is premature and may be unnecessary. Starbucks respectfully requests that the Court stay plaintiffs' motion for 90 days to allow the parties to conduct limited discovery related to the issues raised by the motion and plaintiffs' claims.

1

I.  BACKGROUND

Plaintiffs are two store managers for Starbucks stores in Broward County, Florida. Complaint ¶ 1-2. Plaintiffs filed their complaint on June 3, 2004—just over one month ago—alleging that Starbucks improperly classified them as exempt from the overtime provisions of the FLSA. *Id.* ¶ 9. Plaintiffs purport to bring their action on behalf of all "similarly situated" Starbucks store managers nationwide. *Id.* ¶ 19.

On the same day plaintiffs filed their complaint, they filed a motion requesting that the Court order Starbucks to facilitate notice of the lawsuit to all Starbucks store managers nationwide. *See* Plaintiffs' June 3, 2004 Motion to Permit Court Supervised Notification Pursuant to 29 U.S.C. § 216(b) and Incorporated Memorandum of Law. Plaintiffs, however, never conferred with defendant regarding the substance of their motion, as required by Local Rule 7.1(A)(3). *Id.* On July 16, 2004, plaintiffs fulfilled their obligation to meet and confer. In a telephone conference, Starbucks counsel suggested that the parties stay the motion to conduct limited discovery. To eliminate any possible prejudice to potential plaintiffs, Starbucks' counsel offered to toll the statute of limitations for all potential plaintiffs during the period of limited discovery. Despite that offer, plaintiffs' counsel refused to stay the motion and re-filed it the same day. *See* Plaintiffs' July 16, 2004 Motion to Permit Court Supervised Notification Pursuant to 29 U.S.C. § 216(b) and Incorporated Memorandum of Law ("notice motion"). Defendant's opposition is currently due August 2, 2004.

II.  STANDARD FOR FLSA COLLECTIVE ACTIONS

The determination of whether a collective action is appropriate under the FLSA requires a detailed analysis of a number of factors. In general, the FLSA permits employees to bring a "collective action" on behalf of themselves and "all other employees similarly situated." 29

2

U.S.C. § 216(b). The statute does not direct a district court to send notice to all potentially "similarly situated" employees of the filing of a lawsuit purporting to be a collective action. However, a district court has the authority, in its discretion, to order that notice be sent to potential plaintiffs if it determines that plaintiffs are "similarly situated." *See, e.g., Hoffman La Roche Inc. v. Sperling*, 493 U.S. 165, 171-72 (1989).

This power may only be exercised in appropriate cases. *Haynes v. Singer Co., Inc.*, 696 F.2d 884, 886-87 (11th Cir. 1983). Generally, before issuing any such notice a court must satisfy itself that (1) there are other employees that desire to opt-in, and (2) whether these employees are similarly situated with respect to their job requirements and pay provisions. *Smith v. Tradesmen Int'l, Inc.*, 289 F. Supp.2d 1369, 1372 (S.D. Fla. 2003). The requirement that plaintiffs be "similarly situated" is not met if "disparate and factual employment settings" exist. *Brooks v. Bellsouth Telecom., Inc.*, 164 F.R.D. 561, 569 (N.D. Ala. 1995). The burden of meeting these standards remains squarely on the plaintiff at all times. *See, e.g., Grayson v. K Mart Corp.*, 79 F.3d 1086, 1096 (11th Cir. 1996).[1]

---

[1] Many courts, including those within the Eleventh Circuit, have employed a two-stage procedure to determine whether plaintiffs are "similarly situated" to those they propose to represent. *Hipp v. Liberty Nat'l Life Ins.*, 252 F.3d 1208, 1218-19 (11th Cir. 2001). At the first stage, the court may conditionally certify a collective action and allow notice to issue if plaintiffs establish "a reasonable basis for crediting their assertions that aggrieved individuals exist in the broad class that they propose." *Tradesmen*, 289 F. Supp.2d at 1372; *see also Mueller v. CBS, Inc.*, 201 F.R.D. 425, 428 (W.D. Pa. 2001) (to send notice, plaintiffs must establish a "sufficient factual basis on which a reasonable inference could be made" that a defined class of similarly situated individuals exist). At the second stage, the court undertakes a more rigorous review after extensive discovery. *Hipp*, 252 F.3d at 1218-19. The presence of a second stage of review, however, does not mean that initial certification is "automatic." *Smith v. Sovereign Bancorp, Inc.*, No. Civ-A-03-2420, 2003 WL 22701017 at *2-3 (E.D. Pa. Nov. 13, 2003). Rather, "[a]s a matter of sound case management, a court should, before offering such assistance, make a preliminary inquiry as to whether a manageable class exists." *Severtson v. Phillips Beverage Co.*, 137 F.R.D. 264, 266 (D. Minn. 1991).

3

Plaintiffs attempt to meet this burden with only their own conclusory assertions and expect the Court to make this determination without the benefit of any discovery. In doing so, they ignore two critical points: (1) staying the motion will not prejudice plaintiffs (or potential plaintiffs) in any way, and (2) a period of limited discovery will allow for a more thorough analysis of the issues raised by plaintiffs' motion, reducing the chance that the Court would be required to change its decision later in the litigation.

III.  STAYING THE MOTION WILL NOT PREJUDICE POTENTIAL PLAINTIFFS IN ANY WAY

Plaintiffs argue that immediate nationwide notice is necessary because the statutory limitations period continues to run on the claims of putative class members.[2] *See* Plaintiffs' July 16, 2004 Motion to Permit Court Supervised Notification Pursuant to 29 U.S.C. § 216(b) and Incorporated Memorandum of Law at 7-8. However, Starbucks has offered to toll the statute of limitations period until limited discovery can be completed. Tolling completely eliminates any potential prejudice to potential plaintiffs. If the Court authorizes notice after the brief 90-day period of discovery, potential plaintiffs will be notified of the litigation in a timely manner, and will be able to pursue the same claims they would have pursued if the notice was issued immediately. Staying the motion will have no negative effect on potential plaintiffs whatsoever.

IV.  STAYING THE MOTION WILL ALLOW THE COURT TO AVOID "UNDOING" THE NOTICE LATER

Staying plaintiffs' motion also will allow the Court to make a well-informed decision and reduce the likelihood that it will have to "undo" the notice later. Starbucks believes that evidence obtained through limited discovery likely will establish that notice is not appropriate. A limited

---

[2] Under the FLSA, the limitations period continues to run as to each putative class member until they file a written consent to join the litigation with the district court. 29 U.S.C. §§ 216(b), 256(b).

4

period of discovery would significantly reduce the likelihood that this Court would encourage additional litigants to join the case, only to later reverse a preliminary certification based on evidence that could have been obtained at the earliest stages of litigation. A later decertification would put the litigation "in a lamentable state of disarray.... [T]he toothpaste having been squeezed out of the tube, how is it to be put back in again?" *Palmer v. Readers Digest Ass'n, Inc.*, No. 84-CIV-8397-CSH, 1986 WL 324 at *5 (S.D.N.Y. Feb. 11, 1986); *see also Freeman v. Wal-Mart Stores*, 256 F. Supp.2d 941, 945 (W.D. Ark. 2003) ("It would be a waste of the Court's and the litigants' time and resources to notify a large and diverse class only to later determine that the matter should not proceed as a collective action because the class members are not similarly situated.").

Specifically, evidence obtained in discovery may show that notice is inappropriate for two reasons: (1) plaintiffs do not meet the statutory standard for a collective action under the FLSA, even with respect to those store managers within their own district, and (2) plaintiffs cannot maintain their claims as a matter of law.

### A. EVIDENCE OBTAINED IN LIMITED DISCOVERY WILL INFORM THE COURT'S DETERMINATION OF WHETHER A COLLECTIVE ACTION IS APPROPRIATE UNDER THE FLSA

The determination of whether a collective action is appropriate under the FLSA requires a careful analysis that is typically fact-intensive. As a result, this Court has found that allowing a limited period of discovery prior to a motion for notice is a prudent course of action. *See Tradesmen*, 289 F. Supp.2d 1369, 1372 (S.D. Fla. 2003). That judgment should apply to this case as well.

The evaluation of the exempt status of an employee under the FLSA requires "a detailed analysis of the time spent performing [exempt] duties... [and] a careful factual analysis of the

full range of the employee's job duties and responsibilities." *Morisky v. Public Serv. Elec. & Gas*, 111 F. Supp.2d 493, 498-99 (D.N.J. 2000); *see also, e.g., Cooke v. General Dynamics Corp.*, 993 F. supp. 56, 60-61 (D. Conn. 1997) (FLSA exemption cases are "necessarily fact intensive" and require "a careful factual analysis of the full range of the employee's job duties and responsibilities"). A plaintiff cannot establish that he is similarly situated with other employees simply because they fall under the same job title. "Even employees who hold the same job title do not necessarily perform the same work." *Morisky*, 111 F. Supp.2d at 499; *see also, e.g., Reich v. John Alden Life Ins. Co.*, 126 F.3d 1, 7 (1st Cir. 1997) ("the particular title given to an employee is not determinative, as an employee's status must instead be predicated on whether his or her job duties and responsibilities meet all the applicable regulatory requirements").

As a result, before permitting notice in FLSA exemption cases, district courts often require that employees "make some rudimentary showing of commonality... beyond mere facts of job duties and pay provisions, because without such a requirement, it is doubtful that Section 216(b) would further the interests of judicial economy, and it would undoubtedly present a ready opportunity for abuse." *Horne v. United Serv. Auto. Assn.*, 279 F. Supp.2d 1231, 1234 (M.D. Ala. 2003).

Plaintiffs in this case are asking the Court to make the determination of commonality based solely on their conclusory assertions, with no discovery. Moreover, plaintiffs present no evidence indicating that their case is any less complicated than similar actions. To the contrary, it is likely that plaintiffs' case will present the types of problems inherent in exemption cases. For instance, employees exempt pursuant to the "executive" exemption (which Starbucks believes plaintiffs are) must, *inter alia*, perform "management" as their primary duty and

6

supervise two or more full time employees. *See* 29 C.F.R. § 541.1. Plaintiffs cannot know whether other store managers satisfy these requirements. In addition, defendant has not had the opportunity to conduct a sufficient fact investigation to assess the specific factual bases for plaintiffs' conclusory allegations as to their own duties or the duties of other store managers.[3]

In such a situation, another member of this Court decided that a short period of discovery was appropriate before deciding a notice motion. District Judge King, when faced with a motion to facilitate nationwide notice in an FLSA exemption case based on three identical affidavits submitted by the named plaintiffs, concluded that "an insufficient amount of discovery has taken place to enable it to make an informed decision on the issue of whether similarly situated employees exist." *Tradesmen*, 289 F. Supp.2d at 1372. The court found that it was more "prudent" to permit a short period of discovery to allow plaintiffs to submit evidence to establish that similarly situated individuals existed. *Id.*; *see also, e.g., Sovereign Bancorp*, 2003 WL 22701017 at *3 (denying plaintiffs' motion to conditionally certify collective action and send notice pending discovery). Other courts have similarly exercised their discretion to manage FLSA litigation where notice is sought under section 216(b), delaying the issuance of notice until the parties could conduct discovery and summary judgment briefing as to exemption defenses applicable to the named plaintiffs. *See Woolfolk v. Your Friends & Neighbors of Florida, Inc.*, Case No. 8:02-CV-1491-T-30MSS, Order at 5 (M.D. Fla. Mar. 7, 2003) (attached hereto as exhibit 1) (declining to issue notice in FLSA section 216(b) action in favor of short discovery and summary judgment briefing period for named plaintiffs).

---

[3] Starbucks retail stores are organized into geographical zones, and further subdivided into regions and districts. Plaintiffs' conclusory allegations do not provide any specific basis for concluding that plaintiffs are similarly situated to all store managers within their district, much less all store managers nationwide.

7

A similar process is appropriate here. A 90-day period of limited discovery would allow the parties and the Court to make a more informed preliminary assessment of whether plaintiffs are similarly situated with any group of store managers. This Court should not embark on a nationwide collective action involving thousands of potential plaintiffs based on the conclusory assertions of the two named plaintiffs in their complaint.

B.     EVIDENCE OBTAINED IN LIMITED DISCOVERY MAY SUPPORT SUMMARY JUDGMENT IN STARBUCKS FAVOR, ELIMINATING THE NEED FOR NATIONWIDE NOTICE

Finally, a short period of discovery as to the named plaintiffs may disclose that plaintiffs' claims are meritless and subject to dismissal on summary judgment. Evidence obtained in limited discovery may establish that, despite plaintiffs' allegations, they are exempt from the overtime provisions of the FLSA as a matter of law. Store managers have long been recognized as exempt from the FLSA as "executive" employees, even if, as plaintiffs claim here, they spend much of their time working on allegedly "non-exempt" duties. *See, e.g., Murray v. Stuckey's, Inc.*, 50 F.3d 564 (8th Cir. 1995); *Donovan v. Burger King Corp.*, 675 F.2d 516 (2d Cir. 1982). In that situation, the issue of notice would be moot, and the Court would not need to decide the issue at all. Again, allowing for a short period of discovery would reduce the chances that a decision on plaintiffs' motion will be made unnecessarily, or will have to be undone, and will not prejudice plaintiffs in any way.

V.     CONCLUSION

In light of these benefits and in the *absence of any prejudice to plaintiffs*, defendant respectfully requests that the Court issue an order (1) allowing the parties to conduct 90 days of discovery as to the named plaintiffs from the date of the order, (2) staying consideration of plaintiffs' motion to facilitate notice and extending the time in which defendant is required to

8

respond to the motion until 10 days after the end of the 90-day discovery period, and (3) tolling the FLSA's statute of limitations for all putative class members who have not yet opted in to the instant action.

Pursuant to Local Rule 7.1(A)(3), the undersigned counsel certifies that counsel for defendant Starbucks Corporation conferred with Daniel R. Levine, counsel for plaintiffs, on July 19, 2004 in a good faith effort to resolve the issues raised in defendant's motion to stay consideration of plaintiff's motion to permit court-supervised notification pursuant to 29 U.S.C. § 216(b) but was unable to do so.

DATED: July 21, 2004

Respectfully submitted,

HOLLAND & KNIGHT LLP
*Attorneys for Defendant Starbucks Corporation*
701 Brickell Avenue, Suite 3000
Miami, Florida 33131
(305) 374-8500
(305) 789-7799 (facsimile)

By: _____
Kelly-Ann G. Cartwright
Fla. Bar No. 892912
kcartwri@hklaw.com
Tiffani G. Lee
Fla. Bar No. 0132217
tlee@hklaw.com

9

<u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that a true and correct copy of the foregoing motion was served by fax and U.S. mail this 21st day of July, 2004, upon Daniel R. Levin, Esq., of the law firm of Shapiro, Blasi & Wasserman, P.A., Corporate Center at Boca Raton, 7777 Glades Road, Suite 110, Boca Raton, FL 33434.

By: _____

#2125731_v1

10

FILED

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA   03 MAR -7  A 9: 42
TAMPA DIVISION

MONICA WOOLFOLK, et al,

        Plaintiffs,

v.                                Case No. 8:02-cv-1491-T-30MSS

YOUR FRIENDS & NEIGHBORS OF
FLORIDA, INC., et al,

        Defendants.

## ORDER

THIS CAUSE comes before the Court upon Defendants' Motion for Scheduling Order (Dkt. #45) and Plaintiffs response (Dkt. #49). Plaintiffs have also filed a Motion for Authorization to Send Notice to Similarly Situated Persons (Dkt. #23). After close consideration, this Court concludes that in the interest of judicial economy and fairness to the parties that it should modify its case management order and temporarily delay considering whether to send notice to parties who may be similarly situated to Plaintiffs.

### BACKGROUND

This is a Fair Labor Standards Act ("FLSA") action brought by current and former residential and companion managers at facilities for the developmentally disabled allegedly owned or operated by Defendants. The Plaintiffs seek recovery for unpaid overtime hours. According to the complaint, Plaintiffs were required as part of their jobs to sleep at

EXHIBIT 1

Defendants' facilities. Plaintiffs claim they were entitled to overtime compensation for these sleep time hours.

On December 23, 2002, Plaintiffs filed a Motion for Authorization to Send Notice to Similarly Situated Persons (Dkt. #23). In response to that motion, Defendants filed a Motion for Scheduling Order (Dkt. #45), seeking this Court to delay consideration of Plaintiffs' motion until Defendants' file and this Court rules on a summary judgment motion. To prevent any prejudice, Defendants agree to toll the applicable statute of limitations for the delay caused by waiting to send the notice. In response, Plaintiffs argue that Defendants cite no authority for in support of this delay in notice and that any opt-in Plaintiffs would not be bound by any summary judgment ruling on a named "similarly situated" representative.

## LEGAL ANALYSIS

This action is a "collective action" brought under FLSA. The FLSA states that an action:

> may be maintained against any employer ... in any Federal or State court of competent jurisdiction by any one or more employees for and in behalf of himself or themselves and other employees similarly situated. No employee shall be a party plaintiff to any such action unless he gives his consent in writing to become such a party and such a consent is filed in the court in which such action is brought.

29 U.S.C. § 216(b).

In order for a person to actually be a party to an FLSA collective action under this section, the potential plaintiff is required to opt-in. Such a requirement means that potential plaintiffs must receive some kind of notice about the action. The Supreme Court has stated

Page 2 of 7

that district courts have discretion in determining "an efficient and proper way" for accurate and timely notice being sent about a pending collective action. See Hoffman-La Roche Inc. v. Sperling, 493 U.S. 165, 170-71 (1989). The Supreme Court based its decision on the authority that Federal Rules of Civil Procedure Rule 16 and 83 give a court to manage their dockets. See id. at 172-73. In Sperling, the Supreme Court did not recommend a process or a notice to be utilized in such cases.

In Hipp v. Liberty National Life Ins. Co., the Eleventh Circuit considered the notice process employed in a collective action case under the Age Discrimination in Employment Act ("ADEA").[1] 252 F.3d 1208 (11th Cir. 2001). The employer in Hipp argued that the district court erred in not applying a two-tiered approach to the certification of a collective action.[2] See id. at 1217-19. The Eleventh Circuit held that the district court did not abuse its discretion in not utilizing the two-tiered approach. See id. at 1219. The Eleventh Circuit, however, suggested that the two-tiered approach would be an effective tool for district courts to manage such a case. See id.

---

[1] The ADEA incorporates FLSA's Section 216(b).

[2] The two-tiered approach has been utilized in the Fifth Circuit. See Mooney Aramco Servs. Co., 54 F.3d 1207, 1213-14 (5th Cir. 1995). Under the two tiered approach, a first determination is made at a "notice stage." See id. The district court at that stage makes a decision based on pleadings and affidavits whether notice should be given to potential parties. See id. If the district court "conditionally certifies" the class, then the potential members are given notice and the action proceeds as a representative action throughout discovery. See id. After discovery closes, a second determination is made on the similarly situated question based on discovery. See id. If the class is then determined to not be similarly situated, then the district court decertifies the class and dismisses without prejudice the opt-in plaintiffs. See id.

Page 3 of 7

After Hipp, there is no one procedure approved for use in Section 216(b) collective actions. This Court is to utilize instead its discretion in crafting the process for a particular case. When crafting such a procedure, this court is mindful of several background considerations concerning Section 216(b) collective actions. First, the standard to determine if parties are similarly situated "is less stringent than that for joinder under Rule 20(a) or for separate trials under Rule 42(b)." Grayson v. K Mart Corp., 79 F.3d 1086, 1096 (11th Cir. 1996). Second, the requirements for maintaining a Section 216(b) collective action are completely unrelated to the requirements under Rule 23. See id. at 1096 n.12. Third, despite the lack of Rule 23 protections, a person who opts-in to a collective action is bound to the outcome of that action. See Hipp, 252 F.3d at 1216; also In re Food Lion, Inc., 1998 WL 322682, at *6-7 (4th Cir. June 6, 1998) (unpublished decision) (affirming collective action wide summary judgment to opt-in assistant managers who failed to file contravening affidavits); Bonilla v. Las Vegas Cigar Co., 61 F. Supp. 2d 1129, 1134 (D. Nev. 1999) (stating parties who opt-in are bound)..

This Court is deeply troubled with the inherent lack of guidance and standardized procedures in this area.[3] This Court believes that the average opt-in plaintiff fails to realize that they may very well lose a valid FLSA claim when they opt-in to a collective action,

---

[3]Similar concerns were expressed by Justice Scalia in his dissent in Sperling to the new procedure and expanded roles for district judges in Section 216(b) collective actions. 493 U.S. at 174-81 (Scalia, J. dissenting).

which has "representatives" that are clearly neither adequate nor actually similarly situated. The law is, however, clear that such actions may proceed despite this Court's concerns.[4]

In this case, there appears to be at least two exemptions (or defenses) potentially to the overtime claims of Plaintiffs. Neither issue would seemingly require lengthy discovery by Plaintiffs or Defendants. Defendants are willing to file motions for summary judgment within thirty (30) days. In addition to potentially resolving this action, the motions will likely aid this Court's determination in whether this action is appropriate as a collective action.[5] Most importantly, there is no prejudice to Plaintiffs in delaying notice temporarily. Defendants have agreed to toll the statute of limitations of the potential plaintiffs during this process. Under these circumstances, the two tiered approach is not appropriate. Instead, it is more appropriate for this Court to delay notice to potential plaintiffs and preliminarily resolve by summary judgment the exemptions raised by Defendants.

---

[4]This Court is free, however, to attempt to minimize these concerns when it exercises its discretion in establishing the procedure to be followed in this case.

[5]For example, if in response to the motions for summary judgment, Plaintiffs file numerous contravening affidavits regarding the duties or working conditions of different Plaintiffs, then the action may not meet the low threshold for a collective action. On the other hand, if Plaintiffs do not dispute that either the duties or working conditions of different Plaintiffs were significantly different (from a legal view point) and Defendants are not successful on their motions for summary judgment, then the action would seem to easily meet the collective action standard.

Plaintiffs' argument that a higher "similarly situated" standard will be advocated and applied to prevent notice being sent after this delay is not well taken. Defendants were able before February 10, 2003 (the due date of their response) to depose several plaintiffs. Any argument about Plaintiffs being "similarly situated" was already available to Defendants at that time. It is not likely that any new argument will be added by any additional depositions over the next couple of months.

It is therefore **ORDERED AND ADJUDGED** that:

1. Defendants' Motion for Scheduling Order (Dkt. #45) is **GRANTED**.

2. Plaintiffs' Motion for Authorization to Send Notice to Similarly Situated Persons (Dkt. #23) is **GRANTED in part and DENIED in part** without prejudice. Plaintiffs are permitted to conduct discovery for their collective action, including using discovery to obtain the names and last known addresses of former and current resident and companion managers. Nothing in this order, however, authorizes Plaintiffs in any way or manner to contact current or former resident managers.

3. Defendants shall have thirty (30) days from the date of this Order to file a preliminary motion for summary judgment. If Defendants fail to file said motion or if this Court denies said motion, Plaintiffs may renew their motion for authorization to send notice to similarly situated persons.[6] Plaintiffs need not re-file any affidavits or declarations in support of their motion for authorization.

4. The statute of limitations on potential plaintiffs is tolled from February 10, 2003 (when the parties last tolling agreement expired) until this Court resolves any motion for authorization to send notice to similarly situated persons. If any motion for summary judgment is successful or Plaintiffs fail to file a motion for authorization within thirty (30)

---

[6] The thirty (30) day deadline may be extended upon proper motion. Any extension will prevent for the extended time period a renewed motion for authorization.

days of the denial of summary judgment (in whole or part), then the tolling period expires thirty (30) days after entry of the order on the motion for summary judgment.

**DONE** and **ORDERED** in Tampa, Florida on this __7__ day of March, 2003.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel/Parties of Record