UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 04-80521-CIV-MARRA/SELTZER

SEAN PENDLEBURY and LAUREL
OVERTON, on behalf of themselves and
all others similarly situated,

    Plaintiffs,

vs.

STARBUCKS COFFEE COMPANY, a foreign
corporation, qualified to do business in Florida
as STARBUCKS CORPORATION,

    Defendant.
_____/



FILED by ___ D.C.

AUG 2 7 2004

CLARENCE MADDOX
CLERK U.S. DIST. CT.
S.D. OF FLA. FT. LAUD.

## ORDER DENYING DEFENDANT'S MOTION TO STAY CONSIDERATION OF PLAINTIFFS' MOTION TO PERMIT COURT-SUPERVISED NOTIFICATION AND ORDER OF REFERENCE

This Cause is before the Court upon Defendant's Motion to Stay Consideration of Plaintiffs' Motion to Permit Court-Supervised Notification Pursuant to 29 U.S.C. § 216(b) ("Motion to Stay"), filed July 21, 2004 (DE 14, 15.) On August 4, 2004, Plaintiffs filed a response to the motion. (DE 22.) On August 10, 2004, Defendant filed a reply. (DE 24.) Also pending before the Court is Defendant's Emergency Motion for Protective Order, filed August 27, 2004. The Court has considered the motions and is otherwise advised in the premises.

After careful consideration of the parties' arguments and the relevant law relative to Defendant's Motion to Stay, the Court finds that a stay of Plaintiffs' Motion to Permit Court-Supervised Notification is not warranted. Instead, the Court adheres to the two-tiered approach outlined in Hipp v. Liberty National Life Insurance Co., 252 F.3d 1208, 1217 (11th Cir. 2001), which the Eleventh Circuit has indicated the district courts should follow. Cameron-Grant v.



Maxim Healthcare Servs., Inc., 347 F.3d 1240, 1243 (11th Cir. 2003) ("*Hipp* outlined a two-tiered procedure that district courts should use in certifying collective actions under § 216(b) . . . "). Under that approach, the Court's initial determination as to whether notice of the action should be given to potential class members is "usually based only on the pleadings and any affidavits which have been submitted." Hipp, 252 F.3d at 1218 (quoting Mooney v. Aramco Servs. Co., 54 F.3d 1207, 1213-14 (5th Cir.1995) (internal footnote omitted)). Moreover, "[b]ecause the court has minimal evidence, this determination is made using a fairly lenient standard, and typically results in 'conditional certification' of a representative class. Id.[1]

Accordingly, it is **ORDERED AND ADJUDGED** that Defendant's Motion to Stay Consideration of Plaintiffs' Motion to Permit Court-Supervised Notification Pursuant to 29 U.S.C. § 216(b), filed July 21, 2004 (DE 14, 15), is **DENIED**. Defendant shall file a response to Plaintiffs' Motion to Permit Court-Supervised Notification on or before September 14, 2004. Plaintiffs shall file a reply in accordance with the Local Rules of the Southern District of Florida.

As for Defendant's Emergency Motion for a Protective Order, the Court notes that Defendant's argument that the discovery requests are premature until the Court rules on Defendant's Motion to Stay is rendered moot by virtue of this Order. Defendant's argument that Plaintiffs' discovery requests are otherwise unreasonable, i.e. that the discovery would be "unwieldy, inefficient, and unduly expensive" and that the information could be obtained through alternate means (Emergency Motion at 5), is not rendered moot and remains pending for briefing

---

[1] This determination does not preclude the possibility that, after the Motion to Permit Court-Supervised Notification is fully briefed, the Court may determine that a brief discovery period is appropriate if it determines the record evidence is insufficient for a decision to be made.

2

by the parties and consideration by the Court. The Court hereby **REFERS** that portion of Defendant's Emergency Motion for a Protective Order and any other pretrial discovery motions to Magistrate Judge Barry S. Seltzer for appropriate disposition. This Order does not refer any motion which requests a continuance or extension of the trial or pretrial scheduling dates.

**DONE AND SIGNED** in Chambers at Fort Lauderdale, Broward County, Florida, this 27th day of August, 2004.

KENNETH A. MARRA
United States District Judge

Copies furnished to:

Daniel R. Levine, Esquire
Robin Cohen, Esquire
Kelly-Ann G. Cartwright, Esquire
Tiffani G. Lee, Esquire
Catherine A. Conway, Esquire
Joel Cohn, Esquire