UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 04-80521-CIV-MARRA/SELTZER

SEAN PENDLEBURY and LAUREL
OVERTON, on behalf of themselves and
all others similarly situated,

    Plaintiffs,

vs.

STARBUCKS COFFEE COMPANY, a foreign
corporation, qualified to do business in Florida
as STARBUCKS CORPORATION,

    Defendant.
_____/



FILED by _____ D.C.

JAN - 3 2005

CLARENCE MADDOX
CLERK U.S. DIST. CT.
S.D. OF FLA. FT. LAUD.

## ORDER

This Cause is before the Court upon Plaintiffs' Motion to Permit Court-Supervised Notification Pursuant to 29 U.S.C. § 216(b), filed June 3, 2004 (DE 3). On September 14, 2004, Defendant filed a response to the motion. (DE 34.) On October 5, 2004, Defendant filed a reply. (DE 45.) The Court has considered the motion and the various other matters, and is otherwise advised in the premises.[1]

### I.   Background

On June 3, 2004, Plaintiffs Sean Pendlebury and Laurel Overton filed a Verified Complaint against Defendant Starbucks Coffee Company ("Starbucks") asserting a claim for unpaid overtime under the Fair Labor Standards Act, 29 U.S.C. §216 ("FLSA"). (DE 1.) Plaintiffs are store managers for two Starbucks locations in Broward County, Florida. (DE 34 at 2.)

---

[1] The Court also addresses in this Order Defendant's Motion for Summary Judgment, filed September 29, 2004 (DE 38), and Plaintiffs' Motion to Abate Ruling on Defendant's Motion for Summary Judgment, filed October 18, 2204 (DE 46).

In the Verified Complaint, Plaintiffs allege that they, and others similarly situated, are or were improperly classified by Starbucks as exempt for purposes of overtime compensation eligibility. (Verified Complaint ¶¶ 9-10.) In support, Plaintiffs assert that their primary duties as store managers consist of waiting on customers, making coffee drinks, and ringing up sales, and that their management duties are relatively unimportant in comparison. (Verified Complaint ¶¶ 10-12.) They further assert that they rarely exercise discretionary powers, and that they are not relatively free from supervision. (Verified Complaint ¶¶ 13-14.) Plaintiffs state that their pay is substantially similar to certain non-exempt employees, such as shift supervisors and assistant managers. (Verified Complaint ¶ 15.) Finally, Plaintiffs contend that they do not customarily and regularly supervise two (2) or more full-time employees or their equivalent. (Verified Complaint ¶ 16.) Plaintiffs complain therefore that Starbucks has improperly classified them as exempt employees for purposes of overtime compensation, thereby violating the FLSA. (Verified Complaint ¶ 18.) Plaintiffs seek compensation in the form of time and one-half for each hour worked in excess of forty (40) hours per workweek, as well as liquidated damages equal to the amount of overtime compensation, costs and attorney's fees, as well as declaratory and injunctive relief. (Verified Complaint ¶¶ 4-22-24.)

In addition to seeking relief on their own behalf, Plaintiffs are attempting to bring this suit on behalf of other similarly situated current and former Starbucks store managers. (Verified Complaint ¶ 8.) Plaintiffs state that there are approximately ten (10) other Starbucks' store managers who have indicated a willingness to become opt-in plaintiffs in this lawsuit. (Verified Complaint ¶ 20.) In the Motion to Permit Court-Supervised Notification, Plaintiffs ask the Court to permit them to give notice of this lawsuit to all current and former employees who have held

the position of store manager at Starbucks and were classified as exempt during the three years preceding the filing of this lawsuit, so that they may be given the opportunity to join in this lawsuit.

In addition to the sworn allegations in the Verified Complaint, Plaintiffs have filed the declarations of four individuals, all of whom are former store managers of Starbucks, in support of their motion. These four individuals uniformly state that, like the named Plaintiffs, they were not paid overtime compensation even though they customarily and regularly perform non-exempt duties similar to those performed by their subordinates; that the management duties they perform are relatively unimportant; that they rarely exercise discretionary powers; that they are not relatively free from supervision; that their pay is substantially similar to certain non-exempt employees; and that they do not customarily and regularly supervise two (2) or more full-time employees or their equivalent. (Declarations of Selena Perry, David Ritter, Abdul Makkawi, and Stephen E. Tulloch ¶¶ 6-11.) The four declarants worked at several different Starbucks locations throughout the country, as follows: Selena Perry worked as a store manager in Iowa; David Ritter worked as a store manager in Virginia; Abdul Makkawi worked as a store manager in Deerfield Beach, Florida; and Steve E. Tulloch worked as a store manager in Connecticut, as well as Hollywood, Florida. (Declarations ¶ 4.) Plaintiffs contend that the allegations of the Verified Complaint, coupled with the declarations, are sufficient to show that Starbucks had an alleged policy, practice, and procedure of classifying managerial employees as exempt. (Motion at 3, 6.) Plaintiffs therefore assert that notification of this lawsuit should be sent to all former and current managerial employees who are or were subject to this policy. (Motion at 3.)

3

In response to the motion, Starbucks contends that this action should not be maintained as a collective action because Plaintiffs have not established that they are similarly situated to the putative class members. (Response at 1-16.) Starbucks asserts that Plaintiffs' own depositions reveal differences with respect to the amount of time they themselves spend on exempt tasks and the total number of subordinate hours they supervise. (Response at 8-16.) Furthermore, Starbucks has submitted the affidavit of a third Starbucks store manager, Reniero Valdez, who performs her job as store manager differently than the named Plaintiffs. (Exhibit 4 to Response.) Finally, Starbucks insists that an alleged practice of classifying an entire job title as exempt is not alone sufficient to show that each person within the job title is "similarly situated." (Response at 10-11.) It stands to reason, Starbucks contends, that its alleged practice of classifying its store managers as exempt is not a sufficient reason to permit notice of this action to thousands of different store managers around the country. (Response at 10.)

In reply, Plaintiffs argue that Starbuck's attempt to show the differences in the way its store managers perform their jobs is premature at this stage of the litigation. (Reply at 7.) Plaintiffs contend that only minimal evidence is required at this "notice stage" of the two-tier procedure outlined in Hipp v. Liberty Nat'l Life Ins. Co., 252 F.3d 1208, 1217 (11th Cir. 2001). (Reply at 7.) Plaintiffs assert that the allegations of the Verified Complaint, the declarations of four former store managers, as well as Starbucks' own job description for the position of store manager, together show that court-supervised notice is warranted. (Reply at 5-6, 8.) Accordingly, Plaintiffs ask this Court to permit court-supervised notification so that other store managers are given an opportunity to join in this lawsuit. (Reply at 8.)

4

## II. <u>Discussion</u>

The FLSA provides that an action for overtime compensation "may be maintained . . . by any one or more employees for and in behalf of himself or themselves *and other employees similarly situated.*" 29 U.S.C. § 216(b) (emphasis added). The Eleventh Circuit Court of Appeals has outlined a two-tiered procedure to guide district courts in deciding whether plaintiffs are "similarly situated" for purposes of class certification under § 216(b). <u>Hipp v. Liberty Nat'l Life Ins. Co.</u>, 252 F.3d 1208, 1217 (11th Cir. 2001); <u>Cameron-Grant v. Maxim Healthcare Servs., Inc.</u>, 347 F.3d 1240, 1243 (11th Cir. 2003) ("*Hipp* outlined a two-tiered procedure that district courts should use in certifying collective actions under § 216(b) . . ."). At the "notice stage" of the two-tiered procedure, a court's determination is "usually based only on the pleadings and any affidavits which have been submitted." <u>Hipp</u>, 252 F.3d at 1218 (quoting <u>Mooney v. Aramco Servs. Co.</u>, 54 F.3d 1207, 1213-14 (5th Cir.1995). "Because the court has minimal evidence, this determination is made using a fairly lenient standard, and typically results in 'conditional certification' of a representative class." <u>Id</u>. The second stage of the two-tiered procedure usually occurs at the end of discovery upon the defendant's motion for decertification of the class. <u>Id</u>. At the second stage, the court has much more information on which to base its decision and makes a factual determination on the similarly situated question. <u>Id</u>.

Following the Eleventh Circuit's directive in <u>Cameron-Grant</u> and <u>Hipp</u>, this Court will review Plaintiffs' request for court-supervised notification to the putative class under the first stage of the two-tiered procedure outlined in <u>Hipp.</u> This case is at an early stage of litigation before the parties have had a sufficient opportunity to engage in discovery, and thus a factual determination on the similarly situated question is not appropriate at this time. <u>C.f. Holt v. Rite</u>

Aid Corp., 333 F. Supp. 2d 1265, 1274 (M.D. Ala. 2004) (applying a stricter standard in ruling on plaintiff's motion for court-facilitated notice because the parties presented extensive evidence on the issue of whether the putative class members were similarly situated). Hence, the Court will look to the pleadings and affidavits on record to determine whether there are substantial allegations showing that the named Plaintiffs are similarly situated to the putative class members.

The evidence submitted by Plaintiffs consists of their sworn allegations in the Verified Complaint and the affidavits of four former Starbucks store managers. The named Plaintiffs and the four individuals uniformly agree that despite being classified as exempt for purposes of overtime compensation, they all perform or performed non-exempt work as their primary duty and do or did not regularly supervise two (2) or more full-time employees or their equivalent. (Declarations of Selena Perry, David Ritter, Abdul Makkawi, and Stephen E. Tulloch ¶¶ 6,11.) The alleged improper classification spans approximately seven different Starbucks locations in four different states. Additionally, both the Verified Complaint and the affidavits indicate that there exist other managers around the country who would desire to opt-in this lawsuit if given the opportunity. (Declarations ¶ 13.) The Court concludes that this evidence is sufficient to meet the fairly lenient standard for the giving of notice to potential class members under the first stage of the two-tier Hipp procedure.[2] Starbucks' assertion that each of the named Plaintiffs and Ms. Valdez spend different amounts of time on exempt tasks and supervise different numbers of subordinate hours does not persuade this Court otherwise. Such an assertion does not sufficiently

---

[2] Having concluded that Plaintiffs have met their burden at this first stage of the two-tier Hipp procedure, the Court does not reach the issue raised by the parties whether a policy, practice, and procedure of classifying store managers as exempt would alone meet the standard for treating this action as a collective action.

6

rebut, at least for purposes of this notice stage of the litigation, the uniform testimony of the named Plaintiffs and the declarants that they perform or performed non-exempt work as their primary duty and that they did not regularly supervise two (2) or more full-time employees or their equivalent. Moreover, Starbucks' assertion raises factual matters not appropriate for consideration at this notice stage of litigation. See Brown v. Money Tree Mortgage, Inc., 222 F.R.D. 676, 682 (D. Kan. 2004) ("[T]he court will examine the individual plaintiffs' disparate factual and employment settings, as well as the various defenses available to the defendant which appear to be individual to each plaintiff, during the 'second stage' analysis after the close of discovery."); Leuthold v. Destination America, 224 F.R.D. 462, 468 (N.D. Cal. 2004) ("Defendants' arguments in their opposition brief focus on the more stringent second tier analysis and raise issues that may be more appropriately addressed on a motion for decertification after notice is given to the proposed clas."); Goldman v. Radioshack Corp., No. Civ.A. 2:03-CV-032, 2003 WL 21250571, at *8 (E.D. Pa. April 16, 2003) ("A fact-specific inquiry is conducted only after discovery and a formal motion to decertify the class is brought by the defendant."); Felix De Asencio v. Tyson Foods, Inc., 130 F. Supp. 2d 660, 663 (E.D. Pa. 2001) ("While this information [submitted by Defendant] may play a more significant role after discovery and during an analysis of the second and final similarly situated tier, Plaintiffs have advanced sufficient evidence to meet their low burden at this first tier of the similarly situated question."); but see Mike v. Safeco Ins. Co., 274 F. Supp. 2d 216, 220-21 (D. Conn. 2003) (denying plaintiffs' motion for conditional certification because the determination of defendant's liability under the FLSA for allegedly improperly classifying employees as exempt would be based upon the tasks the employee performed on a day-to-day basis and thus would be specific to the individual).

Accordingly, the Court concludes that Plaintiffs are permitted to give notice of this lawsuit to all current and former employees who, during the three years preceding the filing of this lawsuit, have held the position of store manager at Starbucks and were classified as exempt for purposes of overtime compensation, in a form to be approved by this Court.

### III. Conclusion

Based upon the foregoing, it is **ORDERED AND ADJUDGED** as follows:

1. Plaintiffs' Motion to Permit Court-Supervised Notification Pursuant to 29 U.S.C. § 216(b), filed June 3, 2004 (DE 3) is **GRANTED.**

2. Plaintiffs are authorized to give notice of this lawsuit to all current and former employees who have held the position of store manager at Starbucks and were classified as exempt during the three years preceding the filing of this lawsuit, in a form to be approved by this Court.

3. The parties shall meet and confer regarding the content of the proposed Notice and Consent forms. On or before January 24, 2005, the parties shall submit to the Court for review their agreed-upon proposed Notice and Consent forms, if any. If the parties are unable to agree upon the forms, Plaintiffs shall file with the Court their proposed forms by January 24, 2005. Defendant shall be permitted to file any objections to the proposed forms within ten (10) days after the forms are filed with the Court. The parties shall address in their submissions the appropriate deadline for the filing of consents by the putative class members. Thereafter, the Court will review the submissions by the parties and issue the Court-authorized Notice and Consent forms.

4. Having considered the arguments made in Plaintiffs' Motion to Abate Ruling on Defendant's Motion for Summary Judgment (DE 46), and because this case is at the early stages of discovery, Defendant's Motion for Summary Judgment, filed September 29, 2004 (DE 38), is **DENIED** as premature, without prejudice. Defendant may resubmit a motion for summary judgment at or near the close of discovery. All related motions (DE 40, 41, 46) are **DENIED** as moot, without prejudice.

5. The Court will enter a separate Order scheduling all pretrial deadlines and setting this matter for trial.

6. Finally, due to Plaintiffs' recent filing of an Amended Motion For Leave to Amend the Complaint (DE 53), Plaintiffs' initial motions to amend the Complaint (DE 51 & 52) are **DENIED** as moot.

**DONE AND SIGNED** in Chambers at Fort Lauderdale, Broward County, Florida, this 3rd day of January 2005.

KENNETH A. MARRA
United States District Judge

Copies furnished to:

All Counsel of Record