UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 04-80521-CIV-MARRA/JOHNSON

SEAN PENDLEBURY and LAUREL
OVERTON, on behalf of themselves and
all others similarly situated,

    Plaintiffs,

vs.

STARBUCKS COFFEE COMPANY, a foreign
corporation, qualified to do business in Florida
as STARBUCKS CORPORATION,

    Defendant.
_____/

## ORDER AFFIRMING MAGISTRATE JUDGE JOHNSON'S AUGUST 27, 2007, ORDER

THIS CAUSE is before the Court upon the Defendant's Objections to Magistrate Judge's Order Denying Motion to Compel Survey Documents Provided to Expert and Testimony Regarding Expert Deposition Preparation. (DE 464.) Plaintiff subsequently responded. (DE 480.) No reply memorandum has been filed. The motion is now fully briefed and is ripe for review. The Court has conducted a review of Defendant's objections, the pertinent portions of the record, and is otherwise fully advised in the premises.

Under Fed. R. Civ. P. 72(a), a district court reviewing a magistrate judge's order shall only modify or set aside the order if it is "found to be clearly erroneous or contrary to law." *See also* 28 U.S.C. § 636(b)(1)(A); Local Magistrate Judge Rule 4(a)(1). An order is clearly erroneous if "the reviewing court, after assessing the evidence in its entirety, is left with a definite and firm conviction that a mistake has been committed." *Krys v. Lufthansa German Airlines*, 119 F.3d 1515, 1523 (11th Cir. 1997). *See also United States v. United States Gypsum*

*Co.,* 333 U.S. 364, 395 (1948) (explaining generally "[a] finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed"). The mere fact that a reviewing court might have decided the issue differently is not sufficient to overturn a decision when there are two permissible views of the issue. *Georgia State Conference of Branches of NAACP v. Georgia*, 775 F.2d 1403, 1416 (11th Cir. 1985).

The Court conducted an *in camera* inspection of the "written survey instrument" at the center of this dispute. Raw data points from specific questions were taken and provided to Plaintiffs' expert, Michael Crain, for production of his expert report calculating the amount of overtime compensation due to class Plaintiffs. Along with the data, Crain was also provided a blank copy of the complete survey instrument. Defendant seeks to compel production of all survey documents and data provided to Crain.

After careful review of the Magistrate's Order (DE 422), Defendant's Objections, Plaintiffs' Response, and the survey instrument, the Court finds that Magistrate Judge Johnson's Order denying Defendant's motion to compel was not clearly erroneous or contrary to law. The Magistrate Judge fully addressed all of the issues presented and her order thoroughly explained her conclusions and the rationale behind those conclusions. The Court concludes that the survey data points Crain used in his report are wholly unrelated to the data obtained from other sections of the survey. In forming his opinions for this particular report, Crain could only have relied on the data from the specific sections Plaintiffs identified – the other questions are irrelevant to the report he was asked to produce. The survey instrument as a whole is not probative on the reliability of Crain's report. Only the information elicited by the specific sections already produced by Plaintiffs is relevant to Crain's report and the reliability of his report. As such, the

Court concludes that Magistrate Judge Johnson's Order was not contrary to law.

Furthermore, the Court cannot conclude that Magistrate Judge Johnson's decision not to allow Defendant to obtain testimony from Crain regarding his deposition preparation was in error.  Magistrate Judge Johnson explained that "none of the cases cited by Defendant stand for the proposition that Defendant is entitled to learn about pre-deposition communications between Plaintiffs' counsel and Mr. Crain regarding Mr. Crain's preparation for his deposition."  (Order at 4.)  The Court has reviewed the cases cited by both parties and is not left with a "definite and firm conviction" that Magistrate Judge Johnson's order is clearly erroneous.

Accordingly, it is hereby **ORDERED AND ADJUDGED** that Defendant's Objections (DE 464) are **DENIED**, and Magistrate Judge Johnson's Order of August 27, 2007, is **AFFIRMED**.

**DONE and ORDERED** in Chambers at West Palm Beach, Palm Beach County, Florida, this 28th day of December, 2007.

_____
KENNETH A. MARRA
United States District Judge

Copies furnished to:
Magistrate Judge Linnea R. Johnson
All counsel of record