UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

NO. 04-80521-CIV-MARRA/JOHNSON

SEAN PENDLEBURY and LAUREL
OVERTON, on behalf of themselves
and all others similarly situated

       Plaintiffs,

v.

STARBUCKS COFFEE COMPANY,
a foreign corporation qualified to do
business in Florida as STARBUCKS
CORPORATION

       Defendant.
_____/

## OPINION AND ORDER

THIS CAUSE is before the Court on Defendant's Motion for Partial Summary Judgment (DE 293) and Plaintiffs' Motion to Deny as Moot and Deem a Nullity Defendant's Motion for Partial Summary Judgment (DE 452). The motions are now fully briefed and are ripe for review. The Court has carefully considered the motions and is otherwise fully advised in the premises.

Named Plaintiffs Sean Pendlebury and Laurel Overton ("Named Plaintiffs") are former store managers for Defendant Starbucks Coffee Company ("Defendant") who claim they were improperly classified as exempt from the overtime requirements of the Fair Labor Standards Act. ("FLSA"), 29 U.S.C. § 216(b). At the heart of their claim, Named Plaintiffs allege they did not

1

have management as their primary duty; rather, Named Plaintiffs were allegedly glorified "baristas," serving coffee and performing the same tasks as the other employees. As exempt employees, Named Plaintiffs were paid a salary and were not entitled to overtime compensation. Named Plaintiffs seek to recover payment of unpaid overtime wages, liquidated damages and reasonable attorneys' fees and costs on behalf of a class of store managers ("Plaintiffs") for Starbucks' alleged violation of the FLSA.

On April 9, 2007, Defendant moved to decertify the Plaintiffs' class. (DE 290.) The next day, Defendant also filed a motion for summary judgment as to the two Named Plaintiffs, Sean Pendlebury and Laurel Overton. (DE 293.) While the motion for summary judgment was pending, the Court denied the motion to decertify. (*See* DE 451.) Thus, the Court is presented with a certified class of Plaintiffs and a motion for summary judgment against two individuals, Named Plaintiffs. Defendant has not claimed that these Plaintiffs create any special subset or subclass based on a common factual issue or legal question.

The Court notes at the outset that Plaintiffs have not cited a single authority to support their position that the motion for summary judgment is now moot. Plaintiffs sole authority appears to be this Court's own Order, stating that the "class will proceed collectively." (DE 451.)

While the Court agrees with Defendant that "Plaintiffs cite no authority for their position that seeking summary judgment as to less than the entire class is inappropriate," the Court notes that Defendant has also not cited any applicable authority for its position. (Def. Resp. Oct. 22, 2007, at 3.) Defendant cites a series of cases ostensibly standing for the proposition that summary judgment can be granted as to a portion of a class. None of those cases, however,

support the proposition that Defendant may move for summary judgment against *individuals* selected at random who are not in any material way distinguishable from the other members of the class or a subclass.  In *Hogan v. Allstate Insurance Co.*, 361 F.3d 621 (11th Cir. 2004), the Eleventh Circuit upheld summary judgment as to six "test plaintiffs."  At the direction of the district court, each party chose three individual plaintiffs "for purposes of discovery motions and motions for summary judgment." *Id.* at 623.  Unlike *Hogan*, the Court never authorized the selection of "test plaintiffs" in this case.  While such a procedure could be used, it has not been employed here.  Neither the Court nor Plaintiffs have consented to such a procedure; instead, Defendant unilaterally selected two individuals as its "test plaintiffs."[1]  Thus, *Hogan* is distinguishable from the instant case.

The other cases cited by Defendant are similarly inapplicable.  For instance, in *Perez v. RadioShack Corp.*, 386 F. Supp. 2d 979 (N.D. Ill. 2005), the court entertained a motion for summary judgment as to specific subclasses of individual plaintiffs based on the executive exemption.  In moving for summary judgment, the plaintiff identified the relevant class for partial summary judgment as the "class members who were classified as exempt under the FLSA despite not regularly supervising two or more employees." *Id.* at 981.  Any "carving out" of class members was not done on an individual basis but on the basis of shared characteristics of those class members (i.e., common questions of fact) that made their participation in the action inappropriate.

---

[1] For the same reason, the Court declines Defendant's invitation to rule on the individual motions and subsequently issue an order to show cause to the losing party why the ruling should not apply to the entire class.  The class has been certified, and the parties did not agree to select Named Plaintiffs as "test cases" for the instant litigation.

In *Gutescu v. Carey International Inc.*, No. 01-4026, 2004 WL 5333763 (S.D. Fla. Feb. 25, 2004), the Court granted summary judgment as to members of the class whose claims were barred by the statute of limitations. *Id.* at *4. In other words, the defendant moved for summary judgment as to a specific subclass of individual plaintiffs – those whose claims were all time-barred. Because the defendant moved for summary judgment as to a specific subclass, an entry of summary judgment was appropriate.

*Ealy-Simon v. Liberty Medical Supply, Inc.*, No. 05-14059, 2007 WL 1521628 (S.D. Fla. May 23, 2007), like *Perez*, involves a situation where a subgroup of forty-six individual plaintiffs were claimed to be exempt from FLSA coverage based on the executive exemption. Again, the court was considering summary judgment as to a subclass based on a definable factual issue, not individual motions against forty-six randomly selected individuals from within the class. In *Mitchell v. Abercrombie & Fitch, Co.*, 428 F. Supp. 2d 725 (S.D. Ohio 2006), the court had not yet certified a class of plaintiffs. Considering summary judgment as to the named plaintiffs was appropriate because they were the only plaintiffs in the case at that point in time. In *Claeys v. Gandalf, Ltd.*, 303 F. Supp. 2d 890 (S.D. Ohio 2004), summary judgment against one individual was appropriate because the statute of limitations defense applied only as to that particular individual. Had other individual plaintiffs' claims also been barred by the statute of limitations, those plaintiffs would have constituted a definable subclass for which the court could have considered a summary judgment motion.

The Supreme Court has stated, in reference to collective actions brought under § 216(b), that a "collective action allows. . .plaintiffs the advantage of lower individual costs to vindicate rights by the pooling of resources. The judicial system benefits by efficient resolution in one

proceeding of common issues of law and fact arising from the same alleged discriminatory activity." *Hoffman-La Roche Inc. v. Sperling*, 493 U.S. 165, 170 (1989).  Allowing Defendant to move for summary judgment against particular individuals who are indistinguishable from other members of the class defeats the entire purpose of a collective action.  Under Defendant's proposal, Plaintiffs are faced with the potential of responding to hundreds of individual motions.  This scenario would waste the time and resources of both Plaintiffs and the Court.  This action has been certified as a collective action, and as such, the Court will only address dispositive motions that resolve common issues of law or fact as to the entire class or an identifiable subclass.  Defendant can move for summary judgment as to the entire class or a subclass that is defined by a common question of law or fact.  Defendant may not, however, move for summary judgment on an individual basis.[2]

Accordingly, Plaintiffs' Motion to Deny as Moot and Deem a Nullity Defendant's Motion for Partial Summary Judgment (DE 452) is **GRANTED**.  Defendant's Motion for Partial Summary Judgment (DE 293) is **DENIED WITHOUT PREJUDICE**.  Defendant's Motion to Strike or Disregard Affidavits and Evidence Submitted in Support of Plaintiffs' Opposition to Defendant's Motion for Partial Summary Judgment (DE 472) is **DENIED AS MOOT**.

---

[2]Defendant has already expressed its desire to proceed on an individual basis.  Defendant has exercised its only remedy against proceeding collectively by moving to decertify the class.  *See, e.g., Pence v. Kleppe*, 424 F. Supp. 400, 401 (D. Alaska 1976).  Defendant's motion was denied, and the Court elected to proceed on a class-wide basis.  Allowing Defendants to move for summary judgment against Named Plaintiffs individually at this juncture appears to be little more than a back door attempt to circumvent the Court's ruling and to proceed on an individual basis.

Defendant may refile a motion for summary judgment as to the entire class or specific subclasses.

**DONE AND ORDERED** in Chambers at West Palm Beach, Palm Beach County, Florida, this 8th day of January, 2008.

_____
KENNETH A. MARRA
United States District Judge

Copies furnished to:
all counsel of record