UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

NO. 04-80521-CIV-MARRA/JOHNSON

SEAN PENDLEBURY and LAUREL
OVERTON, on behalf of themselves
and all others similarly situated,

    Plaintiffs,

v.

STARBUCKS COFFEE COMPANY,
a foreign corporation, qualified to do
business in Florida as STARBUCKS
CORPORATION,

    Defendant.
_____/

## OPINION AND ORDER

THIS CAUSE is before the Court on Defendant's Motion for Summary Judgment as to Time-Barred Claims (DE 333) and Plaintiffs' Motion to Toll Statute of Limitations (DE 346). The motions are now fully briefed and are ripe for review. The Court has carefully considered the motions and is otherwise fully advised in the premises.

## Background

On June 3, 2004, named Plaintiffs Sean Pendlebury and Laurel Overton filed the instant action against Defendant Starbucks Coffee Company ("Defendant"), seeking unpaid overtime compensation pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq*. Plaintiffs Pendlebury and Overton filed the action as a collective action, and along with the Complaint, they submitted a motion to permit court-supervised notification to all potential opt-in

1

Plaintiffs ("Plaintiffs" or "opt-in Plaintiffs") (DE 3).  Due to a failure to abide by the Local Rules of the Southern District of Florida, Plaintiffs refiled their motion for court-supervised notice to potential opt-in plaintiffs on July 16, 2004 (DE 13).  Briefing on the motion was completed on October 5, 2004; on January 3, 2005, the Court granted Plaintiffs' motion to provide notice (DE 56).

The parties then briefed the issue of the contents of the notice to be provided to potential opt-in plaintiffs.  (DE 59, 65, 67.)  During this briefing, the parties disputed whether notice should be sent to any person who had worked for Defendant in the three years preceding the date of the filing of the Complaint or the three years preceding the issuance of the notice to potential parties.  (*See* DE 59 ¶¶ 8-11; DE 65 at 14-15.)  Briefing was completed on February 22, 2005. On May 11, 2005, the Court issued an order on the form and distribution of notice to potential opt-in plaintiffs.  The Court ordered that notice should go to all persons "who, during the three years preceding the filing of this lawsuit, have held the position of store manager at Starbucks." (DE 80.)  However, the Court explicitly reserved ruling on the applicable statute of limitations to these claims.  (DE 80.)

Defendant now moves for summary judgment on all causes of action that accrued prior to the three-year statute of limitations period.  Specifically, Defendant seeks dismissal of all individuals who have no causes of action that accrued in the three-year period prior to their filing of a Notice of Consent to Join with the Court.  Further, Defendant seeks dismissal of all claims by any remaining opt-in Plaintiffs that accrued more than three years prior to joining the lawsuit. In opposition, opt-in Plaintiffs make no factual challenges to Defendant's motion; instead, Plaintiffs argue that the statute of limitations should be "equitably tolled" to allow all of the opt-

in Plaintiffs claims to proceed.

**Standard of Review**

The Court may grant summary judgment "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). The stringent burden of establishing the absence of a genuine issue of material fact lies with the moving party. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323(1986). The Court should not grant summary judgment unless it is clear that a trial is unnecessary, *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986), and any doubts in this regard should be resolved against the moving party. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157 (1970).

The movant "bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp.*, 477 U.S. at 323. To discharge this burden, the movant must point out to the Court that there is an absence of evidence to support the nonmoving party's case. *Id.* at 325.

After the movant has met its burden under Rule 56(c), the burden of production shifts and the nonmoving party "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Electronic Industrial Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). According to the plain language of Fed. R. Civ. P. 56(e), the non-moving party "may not rest upon the mere allegations or denials of the adverse party's pleadings," but instead must come forward with "specific facts showing that there is a genuine issue for trial." Fed. R.

Civ. P. 56(e); *Matsushita*, 475 U.S. at 587.

Essentially, so long as the non-moving party has had an ample opportunity to conduct discovery, it must come forward with affirmative evidence to support its claim. *Anderson*, 477 U.S. at 257. "A mere 'scintilla' of evidence supporting the opposing party's position will not suffice; there must be a sufficient showing that the jury could reasonably find for that party." *Walker v. Darby*, 911 F.2d 1573, 1577 (11th Cir. 1990). If the evidence advanced by the non-moving party "is merely colorable, or is not significantly probative, then summary judgment may be granted." *Anderson*, 477 U.S. 242, 249-50.

**Discussion**

Pursuant to 29 U.S.C. § 255(a), any action brought under the FLSA must be commenced within two years of when the cause of action accrues or, in the case of willful violations, within three years of when the cause of action accrues. Causes of action under the FLSA for unpaid overtime compensation accrue at the end of each pay period in which the employer fails to pay overtime compensation to which the employee is entitled. *Knight v. Columbus, Ga.*, 19 F.3d 579, 581 (11th Cir. 1994). Thus, a plaintiff's claims are barred by the statute of limitations unless they are brought within three years of the last pay period in which he or she worked and was not paid overtime.

An action is deemed commenced under the FLSA upon the filing of the complaint (if the plaintiff is a named party in the complaint) or upon the filing of a written consent to join the action (if the plaintiff is not named in the complaint). 29 U.S.C. § 256. The statute is clear and unambiguous. The Eleventh Circuit has stated that these different deadlines evince Congress's "concern that an opt-in plaintiff should not be able to escape the statute of limitations bearing on

his cause of action by claiming that the limitations period was tolled by the filing of the original complaint." *Grayson v. K-Mart Corp.*, 79 F.3d 1086, 1106 (11th Cir. 1996).

Defendant argues that several of the opt-in Plaintiffs in this action filed their written consent to join the action more than three years after ending their employment with Defendant as store managers. Plaintiffs do not dispute this charge; instead, Plaintiffs argue that the Court should "equitably toll" the statute of limitations from the date the Complaint (DE 1) was filed with the Court.

"'Equitable tolling' is the doctrine under which plaintiffs may sue after the statutory time period has expired if they have been prevented from doing so due to inequitable circumstances." *Ellis v. General Motors Acceptance Corp.*, 160 F.3d 703, 706 (11th Cir. 1998). Unless explicitly stated otherwise by statute, equitable tolling should be "read into every federal statute of limitations." *Id.* Equitable tolling should be "applied sparingly" by the courts. *Steed v. Head*, 219 F.3d 1298, 1300 (11th Cir. 2000). Equitable tolling is available and appropriate where the plaintiff untimely files her complaint because of "extraordinary circumstances that are both beyond his control and unavoidable even with diligence." *Sandvik v. U.S.*, 177 F.3d 1269, 1271 (11th Cir. 1999). The burden rests with a plaintiff to show that equitable tolling is warranted. *Ross v. Buckeye Cellulose Corp.*, 980 F.2d 648, 661 (11th Cir. 1993).

The Eleventh Circuit has held that equitable tolling is appropriate where the defendant misleads the plaintiff into allowing the statute of limitations to lapse, where the plaintiff has no reasonable way of discovering the wrong perpetrated against her during the statutory period, or where the plaintiff timely files a technically defective pleading but acts with proper diligence in prosecuting her claim. *Justice v. U.S.*, 6 F.3d 1474, 1479 (11th Cir. 1993); *see also Irwin v.*

*Veterans Administration*, 498 U.S. 89, 96 (1990).  Due diligence by plaintiff is insufficient alone, and equitable tolling does not apply to "garden variety" claims of excusable neglect.  *Justice*, 6 F.3d at 1479-80; *Irwin*, 498 U.S. at 96; *see also Covey v. Arkansas River Co.*, 865 F.2d 660, 662 (5th Cir. 1989) ("It is a common maxim that equity is not intended for those who sleep on their rights.").

The Court recognizes that the FLSA statute of limitations can be equitably tolled.  *See, e.g., Partlow v. Jewish Orphans' Home of Southern California, Inc.*, 645 F.2d 757, 761 (9th Cir. 1981), *abrogated on other grounds by Hoffman-La Roche, Inc. v. Sperling*, 493 U.S. 165 (1989). Plaintiffs argue that the statute of limitations here should be equitably tolled because the Court took six months to rule on Plaintiffs' motion to issue notice (Pl. Resp. 10), because the Court took four months to approve the notice and consent forms to be distributed to potential class members (Pl. Resp. 11), and because Defendant exercised its right to challenge and oppose Plaintiffs' motions before this Court (Pl. Resp. 11).  Plaintiffs claim they "clearly acted as diligently as possible in seeking to secure the issuance of notice to potential class members.  Not surprisingly, Defendant attempted to delay the process."  (Pl. Resp. 11.)

Plaintiffs arguments are entirely unavailing.  The fact that Plaintiffs did not receive notice of the pendency of a collective action prior to the expiry of the limitations period was not the consequence of "inequitable circumstances."  Any of the Plaintiffs could have brought individual actions within the three year time period allowed by the FLSA.  These opt-in Plaintiffs were not hindered due to fraud or misrepresentation from discovering that they might have a colorable claim for relief.  Indeed, with diligence, any of these Plaintiffs could have filed individual (or collective) actions within the limitations period.  Plaintiffs have not argued otherwise.  Indeed,

the only argument that these Plaintiffs seem to advance for not asserting their rights outside of this collective action is a simple ignorance that they could assert such a claim. However, the Eleventh Circuit has stated that "[i]gnorance of the law usually is not a factor that can warrant equitable tolling." *Wakefield v. Railroad Retirement Board*, 131 F.3d 967, 970 (11th Cir. 1997). Without a showing that the individual, time-barred Plaintiffs could not have know about or asserted their rights even with diligence, equitable tolling is inappropriate.[1]

Plaintiffs also appear to argue that the Court implicitly approved the equitable tolling of the statute of limitations back to the date of the filing of the Complaint. Plaintiffs seem to reach this conclusion based on the fact that the Court directed notice of the action be sent to individuals who worked as store managers for Defendant for the three years prior to the filing of the instant action, rather than another date, such as the date of approval of the notice. (Pl. Resp. 11-12.) Plaintiffs reason as follows:

> The opt-in Plaintiffs at issue in Defendant's motion for summary judgment illustrate the unfairness that would result if the Court does not apply equitable tolling. These individuals completed and signed their consent forms and sent them to Plaintiffs' counsel within the 60-day period set by

---

[1] Plaintiffs seem to believe that it is the diligence of the *named plaintiffs* that is relevant for this analysis: "Plaintiffs clearly acted as diligently as possible in seeking to secure the issuance of notice to potential class members." (Pl. Resp. 11.) However, the relevant diligence is not that of the named plaintiffs but of the potential opt-in plaintiffs. Plaintiffs argue that "the opt-in Plaintiffs themselves did nothing wrong or improper or indicative of a lack of diligence." (Pl. Resp. 11.) Nevertheless, Plaintiffs carry the burden to show that equitable tolling is appropriate, and Plaintiffs have not provided any evidence regarding the diligence of opt-in plaintiffs in asserting their rights within the statutory period. Instead, the evidence is limited to the fact that these potential plaintiffs filed their consent to join within the sixty day window as required by the Court. Without a showing that these potential opt-in plaintiffs exercised diligence in pursuing their rights under the FLSA during the statutory period, irrespective of the collective action, equitable tolling cannot apply. *See Wales v. Jack M. Berry, Inc.*, 192 F. Supp. 2d 1291, 1301 (M.D. Fla. 2000) ("[P]laintiffs are expected to act with due diligence, regardless of whether they have been recruited.").

> the Court. In other words, they did everything right. How, then, would
> one explain to them the dismissal of their claims on statute of limitations
> grounds if their claims are not equitably tolled? The first question these
> individuals most certainly would ask would be: "Why did we even receive
> notice if, no matter what we did, our claims would be barred by the statute
> of limitations?" Plaintiffs submit there is no reasonable answer to this
> hypothetical question, and as such the statute of limitations for all opt-in
> Plaintiffs should be tolled [to the date of the filing of the Complaint.]

(Pl. Resp. 12.) The Court directed that notice be issued to everyone who had worked as a store manager for the three years prior to the date of the filing of the Complaint to ensure that all eligible persons received notice. The Court erred on the side of overinclusiveness and did not want to exclude potential claimants prematurely. The Court was not making an implicit decision that the statute of limitations should be tolled. The fact that these opt-in plaintiffs, who did not exercise any diligence on their own in asserting their rights under the FLSA, received notice after the limitations period had passed is not itself a reason to grant an extraordinary equitable remedy. Merely receiving notice of a collective action does not *ipso facto* make one eligible to join that action.

Because Congress made clear that an opt-in plaintiff should not escape the statute of limitations on his cause of action by tolling the limitations period to the filing of the original complaint, *see Grayson*, 79 F.3d at 1106, and because Plaintiffs have not cited any extraordinary circumstances that prevented the opt-in Plaintiffs in this case from asserting their FLSA rights during the limitations period, the Court declines to equitably toll the statute of limitations period for this case.[2]

---

[2] The "reasonable answer to [Plaintiffs' counsel's] hypothetical question" is that the Court wanted all potential claimants to have the opportunity to join the action if they were legally entitled to do so. Potential claimants whose claims were apparently time-barred were given the opportunity to show, in their *particular* cases, that equitable tolling should apply. Unfortunately

**Conclusion**

Accordingly, it is hereby **ORDERED AND ADJUDGED** as follows:

1. Plaintiffs' Motion to Toll Statute of Limitations (DE 346) is **DENIED**.

2. Defendant's Motion for Summary Judgment as to Time-Barred Claims (DE 333) is **GRANTED** as to all claims arising from conduct more than three years prior to an opt-in Plaintiff's filing of a Notice of Consent to Join this action.

3. All causes of action that accrued more than three years prior to an opt-in Plaintiff's filing of a Notice of Consent to Join are **DISMISSED WITH PREJUDICE**.

4. Opt-in Plaintiffs may only proceed on causes of action that accrued within three years of the filing of their Notice of Consent to Join the above-styled case.

**DONE AND ORDERED** in Chambers at West Palm Beach, Palm Beach County, Florida, this 12th day of March, 2008.

_____
KENNETH A. MARRA
United States District Judge

Copies furnished to:
all counsel of record

---

for them, they were unable to do so. It appears that Plaintiffs' counsel would have preferred that this opportunity was never afforded to Plaintiffs.